FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 16 2023

TAMMY H. DOWNS, CLERK
By:_____
                DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KASII THOMAS
ADC #113374                                                                       PLAINTIFF

V.                          No. 4:23-CV-101-JM-JTR

JANICE BLAKE,
Disciplinary Officer, ADC, *et al.*                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     Introduction

On February 6, 2023, Plaintiff Kasii Thomas ("Thomas"), a prisoner in the East Arkansas Regional Security Unit ("EARU") of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. He has filed an Amended Complaint (*Doc.*

5) and a Supplement (*Doc. 9*), which the Court construes, together, as constituting Thomas's claim.[1] Before Thomas may proceed with this action, the Court must screen his claims.[2]

## II. Allegations

On August 24, 2022, Thomas was involved in a fight with another inmate who was making derogatory racial comments. *Doc. 2 at 16–17*. The officer responding to the fight, Defendant Captain T. Munn, wrote a statement regarding the incident but did not sign the statement in violation of ADC policy. *Doc. 2 at 4, 16; Doc. 5-2 at 5–6*. Despite the lack of Captain Munn's signature, the statement was used in an August 30, 2022 disciplinary hearing against Thomas. *Id.*

Thomas was found guilty of two disciplinary violations, "Battery--Use of physical force upon an inmate" and "Banding together for any reason which disrupts unit operations…" *Doc. 2 at 17*. Thomas: (1) lost his commissary, phone, and

---

[1] *See Kiir v. N.D. Pub. Health*, 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

visitation privileges for sixty days; (2) received a reduction to Class IV status; and (3) was assigned to administrative segregation for twenty-four days. *Doc. 2 at 17.*

Thomas argues that the Defendants did not follow ADC policy by allowing the Munn's unsigned statement to be used during the "false" disciplinary proceedings. *Doc. 2 at 4; Doc. 5-2 at 5–6.* He also argues that the Defendants failed to timely process his appeal of the disciplinary conviction, thus "denying him the right to exhaust." *Doc. 2 at 4; Doc. 5-2 at 7.* In addition to monetary damages, Thomas requests injunctive relief in the form of an "immediate transfer…to any [ADC] unit [he] chooses." *Doc. 2 at 5; Doc. 5-2 at 8.*

### III. Discussion

Thomas cannot bring a due process claim based on the alleged "false disciplinary" because he did not have a liberty interest at stake. A prisoner may maintain a due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

Thomas's primary due process argument is that Defendants failed to follow *ADC procedures* before finding him guilty of a disciplinary violation. However, "there is no federal constitutional liberty interest in having…prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

Furthermore, under controlling case law, confinement for twenty-four days in punitive isolation and a sixty-day suspension in mail, telephone, visitation, and commissary privileges are insufficient to implicate a liberty interest because such punishment does not to create an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 482–86 (no "liberty interest" implicated by thirty days in disciplinary segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642–43 & n.2 (8th Cir. 1996) (no "liberty interest" implicated by thirty days in punitive segregation, which included the suspension of privileges). Thomas also does not have a due process liberty interest in his prisoner classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Blair-Bey v. Iowa*, 732 F. App'x 488 (8th Cir. 2018) (same). Accordingly, Thomas's due process claims related to the allegedly "false disciplinary" should be dismissed, without prejudice.

Furthermore, Thomas does not have a constitutional right the ADC grievance procedure and cannot maintain a claim based on Defendants "denying him the right to exhaust." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("a prison grievance procedure is a procedural right only, it does not confer any substantive [constitutional] right upon the inmates."); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

## IV. Conclusion

Thomas's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim and should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Thomas's Complaint, Amended Complaint, and Supplement (*Doc. 2; Doc. 5; Doc. 9*) be DISMISSED, without prejudice.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 16th day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE